Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL AI INC., et al.,<br><br>Defendants. | Case No.: 2:25-cv-04167-DSF-JC<br>*Hon. Jacqueline Chooljian Presiding*<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS; DECLARATION OF DAVID SHEIN**<br><br>Discovery Cut-Off: March 31, 2026<br>Trial Date: September 15, 2026<br>Hearing Date: March 3, 2026<br>Hearing Time: 9:30 a.m.<br>Courtroom: 750 |

## I.   INTRODUCTION

In this copyright infringement action, Plaintiff Big Foot served its First Set of Interrogatories (16 interrogatories), First Set of Requests for Production of Documents (34 requests), and First Set of Requests for Admissions (10 requests) on Defendant Local AI on October 27, 2025. Defendant's responses were due on or about November 26, 2025. To date—over eight weeks after the responses were

due—Defendant has not provided any discovery responses whatsoever. Defendant has also failed to respond to Plaintiff's meet-and-confer attempts.

Defendant's complete failure to participate in discovery or engage in the meet-and-confer process leaves Plaintiff no choice but to seek Court intervention. Plaintiff respectfully requests that the Court: (1) compel Defendant to provide full and complete responses to all of Plaintiff's discovery requests within seven days; (2) deem Defendant's objections waived; and (3) award Plaintiff monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## II.   FACTUAL BACKGROUND

### A.   The Underlying Litigation

This is a copyright infringement case. Plaintiff alleges that Defendant copied and displayed Plaintiff's original videos—"Well that didn't go like he expected" and "I'm not sure our daughter is mines anymore"—on Defendant's Facebook pages without authorization. (Complaint ¶¶ 9-10.) Defendant operates under the name "Scoopz" and maintains multiple Facebook pages, including "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia." (Id. ¶ 10.) Defendant filed an Answer asserting nineteen affirmative defenses. (Dkt. 14.)

### B. Plaintiff's Discovery Requests

On October 27, 2025, Plaintiff served Defendant with its First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions. (Declaration of David Shein ("Shein Decl.") ¶ 2, Exhs. A-C.) These discovery requests seek basic information essential to prosecuting Plaintiff's claims, including: (1) identification of persons involved in posting the infringing content; (2) how Defendant obtained Plaintiff's videos; (3) revenues and profits derived from the infringing uses; (4) facts supporting Defendant's affirmative defenses; and (5) admissions regarding Defendant's knowledge and conduct.

///

**C. Defendant's Complete Failure to Respond**

Defendant's responses to Plaintiff's discovery were due on or about November 26, 2025—thirty days after service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). As of the date of this motion, Defendant has not served any responses to the interrogatories, requests for production, or requests for admissions. Shein Decl. ¶¶ 4-8.

**D.   Defendant's Failure to Meet and Confer**

Following Defendant's failure to provide timely discovery responses, Plaintiff's counsel sent a meet-and-confer email to Defendant's counsel on December 11, 2025, requesting a conference to discuss Defendant's discovery failures and seeking Defendant's responses without objections (as they had been waived) by December 18, 2025. (Shein Decl. ¶ 4, Exh. D.) Defendant's counsel did not respond to this email. (Shein Decl. ¶ 5.)

To date, Defendant's counsel has not responded to Plaintiff's request to meet and confer and nor has it served discovery responses. Defendant and its counsel appear to have abandoned this litigation altogether, having repeatedly failed to respond to the Court assigned mediator's requests to schedule a mediation or to Plaintiff's counsel's request regarding the same. Defendant's counsel has also failed to respond to Plaintiff's follow up emails regarding the discovery at issue here. (Shein Decl. ¶ 4-8, Exh. E.)

**III.   LEGAL ARGUMENT**

**A. This Court Should Compel Defendant to Respond to All Discovery Requests**

Plaintiff's discovery requests are straightforward and seek information directly relevant to the claims and defenses in this action. The interrogatories seek identification of persons involved in the alleged infringement, how Defendant obtained Plaintiff's videos, revenues and profits from the infringing uses, and facts supporting Defendant's affirmative defenses. The requests for production seek

documents related to these same topics. The requests for admissions seek admissions regarding Defendant's knowledge and conduct. All of this discovery is clearly relevant under Fed. R. Civ. P. 26(b)(1) and proportional to the needs of the case.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party may move for an order compelling discovery if a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Here, Defendant has completely failed to respond to any of Plaintiff's discovery requests—16 interrogatories, 34 requests for production, and 10 requests for admissions. This wholesale failure to participate in discovery warrants an order compelling complete responses. The Court may also issue an order deeming the matters in the Requests for Admissions admitted pursuant to Fed. R. Civ. P. 36(a)(3), and Plaintiff requests that the Court do so, given Defendant's failure to participate to date and its anticipated failure to participate moving forward.

### B. Defendant's Objections Should Be Deemed Waived

A party who fails to timely respond to interrogatories waives any objections, including objections based on privilege. Similarly, failure to timely respond to requests for production results in waiver of objections. *Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468*, 1473 (9th Cir. 1992). And under Fed. R. Civ. P. 36(a)(3), a matter is deemed admitted if a party fails to respond within 30 days.

Defendant's responses were due on or about November 26, 2025. Over eight weeks have passed, and Defendant has not served any responses or sought any extension. Accordingly, any objections Defendant may have had are waived, and the matters in the requests for admissions should be deemed admitted.

### C. Sanctions Are Mandatory Under Fed. R. Civ. P. 37(a)(5)(A)

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising

that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Sanctions are mandatory unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

None of these exceptions apply here. Plaintiff has attempted to resolve this dispute without court intervention, but Defendant has opted for silence. Defendant's complete failure to respond to discovery is not substantially justified—there is simply no legitimate reason to entirely ignore discovery obligations. And there are no circumstances that would make an award unjust.

Plaintiff requests that the Court award monetary sanctions in an amount to be determined by declaration following entry of an order granting this motion.

### D. Plaintiff Complied with Local Rule 37-1 and Files This Motion Pursuant to L.R. 37-2.4

Local Rule 37-1 requires the moving party to arrange a prefiling conference and to serve a letter identifying each issue in dispute. Plaintiff complied with this requirement by sending meet-and-confer correspondence. (Shein Decl. ¶¶ 4-8, Exhs. D-E.) Despite these efforts, Defendant's counsel has refused to respond.

Local Rule 37-2.4 provides that the Court will not consider a discovery motion without a joint stipulation unless the moving party establishes that opposing counsel "failed to confer in a timely manner under L.R. 37-1." Here, Defendant's counsel has completely failed to confer without justification. A joint stipulation is therefore impossible, and Plaintiff is entitled to file this motion pursuant to L.R. 37-2.4.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order: (1) compelling Defendant to provide complete responses to Plaintiff's

First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions within seven days; (2) deeming all objections waived; (3) deeming the matters in the Requests for Admissions admitted pursuant to Fed. R. Civ. P. 36(a)(3); and (4) awarding Plaintiff its reasonable expenses, including attorney's fees, incurred in bringing this motion.

                                              Respectfully submitted,

                                              DONIGER / BURROUGHS

Dated:  February 2, 2026      By:  */s/ Stephen M. Doniger*
                                                      Stephen M. Doniger, Esq.
                                                        David Shein, Esq.
                                                        Attorneys for Plaintiff

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS