# EXHIBIT A

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL AI INC., et al., <br><br> Defendants. | Case No.: 2:25-cv-04167-DSF-JC <br> <u>Hon. Dale S. Fischer Presiding</u> <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC

RESPONDING PARTY:      LOCAL AI INC.

SET:                                  ONE

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff requests that Defendant Local AI, Inc. ("Defendant" or "Responding Party") answer the following interrogatories, under oath, within 30 days of service.

# DEFINITIONS

1. "IDENTIFY" with regard to a person means all information reflecting the person's name and any/all known addresses, contact information, and company affiliations. "IDENTIFY" with regard to a video or document means information reflecting where a video or document was obtained from, how it was obtained, and the names and roles of all PERSONS (defined below) involved therewith.

2. "YOU" and "YOUR" means Defendant LOCAL AI, INC. and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf, as well as his insurance companies, their agents, their representatives, and their employees.

3. "PLAINTIFF" means BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf.

4. "PERSON" means a natural person, firm, business organization (e.g., including but not limited to association, partnership, trust, corporation, etc.), and/or public entity.

5. "DOCUMENTS" has the meaning set forth in Federal Rules of Evidence §1001 and Federal Rule of Civil Procedure 34(a), including but not limited to COMMUNICATIONs, correspondence, emails, text messages, instant messages, spreadsheets, databases, presentations, images, audio files, video files, metadata, and any other data or information stored or maintained in electronic form (including all ESI), regardless of the device or system in which it is stored.

6. "COMMUNICATION" means any means any disclosure, transfer, or exchange of information or opinion, however made.

7. "ESI" means "Electronically Store Information" or "ESI" shall mean any electronically stored information or data consistent with the Federal Rules of Civil Procedure (e.g., DOCUMENTS and COMMUNICATIONS), including, but not limited to, data on magnetic or optical storage media as an "active" file or files

(readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data); and any and all information stored on accessible media, including, but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, smartphones and PDAs (personal digital assistants, such as PalmPilot, BlackBerry, iPhone, iPads, Samsung, Palm Treo, Cassiopeia, HP Jornada, and other such handheld computing devices) of your employees, digital mobile phones, tablets, and pagers.

8. The term "ELECTRONIC SYSTEM" means any information technology system, server, cloud service, database, or application (including without limitation, YOUR Scoopz application) used by YOU in the ordinary course of business or otherwise, including but not limited to email servers, customer relationship management (CRM) systems, accounting systems, messaging platforms, project management tools, and any other electronic platform where information is created, stored, or transmitted.

9. "COMPLAINT" means the operative Complaint in this case.

10. "ANSWER" means YOUR operative Answer in this case.

11. "SUBJECT VIDEO A" means the video identified as "Well that didn't go like he expected" in paragraph 9 of the COMPLAINT.

12. "SUBJECT VIDEO B" means the video identified as "I'm not sure our daughter is mines anymore" in paragraph 9 of the COMPLAINT.

13. "SUBJECT VIDEOS" means SUBJECT VIDEO A and SUBJECT VIDEO B collectively.

14. "INFRINGING VIDEO A" means the allegedly unauthorized copy of the SUBJECT VIDEO A displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

15. "INFRINGING VIDEO B" means the allegedly unauthorized copy of the SUBJECT VIDEO B displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

16. "INFRINGING VIDEOS" means INFRINGING VIDEO A and INFRINGING VIDEO B collectively.

17. "ACCUSED POSTS" means the Facebook.com posts containing the SUBJECT VIDEOS and identified in the COMPLAINT.

18. "relating to," "related to," or "relate(s) to" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

19. As used herein, and where appropriate, the singular form of any noun or pronoun includes the plural and the use of the masculine gender includes the feminine and neuter, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS involved in the creation, posting, displaying, editing, modifying, and/or changing of posts including one or both INFRINGING VIDEOS on each YOUR Facebook pages or profiles, including without limitation "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia."

**INTERROGATORY NO. 2:**

IDENTIFY how, when, and by what means YOU accessed the SUBJECT VIDEOS, including by IDENTIFYING the source(s) from whom YOU obtained copies of the SUBJECT VIDEOS, whether any permission was sought or obtained,

the PERSONS who participated in and/or were responsible for obtaining copies of the SUBJECT VIDEOS, and the date(s) on which the foregoing occurred.

**INTERROGATORY NO. 3:**

Describe in detail any/all attempts and/or efforts YOU made to communicate with PLAINTIFF regarding the SUBJECT VIDEOS before YOU displayed the INFRINGING VIDEOS on Facebook, including any/all efforts by YOU to obtain a license, authorization, or permission (from PLAINTIFF or otherwise) to use the SUBJECT VIDEOS on Facebook, and IDENTIFY all DOCUMENTS that YOU contend granted you a license to display the INFRINGING VIDEOS on Facebook as a result of YOUR efforts.

**INTERROGATORY NO. 4:**

IDENTIFY all webpages on Facebook (and any/all of YOUR social media pages associated with YOU) that contain(ed) and/or display(ed), in whole or in part, the SUBJECT VIDEOS.

**INTERROGATORY NO. 5:**

IDENTIFY the date(s) on which each of the INFRINGING VIDEOS were first and last displayed on Facebook.

**INTERROGATORY NO. 6:**

IDENTIFY the total revenue and gross profit YOU earned from Facebook, broken down by month, for the past five years, including all revenue and gross profit attributable to the INFRINGING VIDEOS.

**INTERROGATORY NO. 7:**

IDENTIFY the total costs and expenses YOU incurred in connection with the posting and displaying the INFRINGING VIDEOS on Facebook.

**INTERROGATORY NO. 8:**

Describe in detail, at the time the INFRINGING VIDEOS were displayed on Facebook, YOUR knowledge and/or understanding of copyright, intellectual property, licensing, and/or the use of the creative content of others.

**INTERROGATORY NO. 9:**

Describe in detail any/all steps and/or efforts YOU undertook to investigate or remedy the alleged infringement at issue in this case after YOU received notice of PLAINTIFF'S infringement allegations.

**INTERROGATORY NO. 10:**

State all facts and IDENTIFY all DOCUMENTS that YOU contend support YOUR first affirmative defense asserted in YOUR ANSWER, i.e. "independent creation / no copying."

**INTERROGATORY NO. 11:**

State all facts and IDENTIFY all DOCUMENTS that YOU contend support YOUR second, third, and fourteenth affirmative defenses asserted in YOUR ANSWER, i.e. that "Plaintiff's are barred by the doctrines of "equitable estoppel," "unclean hands, and "fair use."

**INTERROGATORY NO. 12:**

State all facts and IDENTIFY all DOCUMENTS that YOU contend support YOUR fourth affirmative defense asserted in YOUR ANSWER, i.e. that "Plaintiff's conduct and representations [gave] rise to an implied license to [SUBJECT VIDEOS]."

**INTERROGATORY NO. 13:**

State all facts and IDENTIFY all DOCUMENTS that YOU contend support YOUR sixth and eleventh affirmative defenses asserted in YOUR ANSWER, i.e. "Incorrect information included in Copyright Registration Application" and "Fraud on the Copyright Office."

**INTERROGATORY NO. 14:**

State all facts and IDENTIFY all DOCUMENTS that YOU contend support YOUR seventeenth affirmative defense asserted in YOUR ANSWER, i.e. "failure to join a party under Rule 19."

**INTERROGATORY NO. 15:**

State all facts and IDENTIFY all DOCUMENTS that YOU contend support YOUR nineteenth affirmative defense asserted in YOUR ANSWER, i.e. that Plaintiff's claims are barred by the Safe Harbor Provisions of the DMCA."

**INTERROGATORY NO. 16:**

Separately for each of the Requests for Admission that YOU did not unequivocally admit, state all facts and IDENTIFY all DOCUMENTS upon which YOU base YOUR denial of the Request for Admission.

DONIGER / BURROUGHS

Dated: October 27, 2025       By:   */s/ Stephen M. Doniger*
                                    Stephen M. Doniger, Esq.
                                    David Shein, Esq.
                                    Attorneys for Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On October 27, 2025 I caused to be served the ENCLOSED documents described as: **PLAINTIFF'S FIRST SET OF INTERROGATORIES;** on the following necessary part(ies) in this action:

> **Zheng "Andy" Liu / Zhan Jin**
> **1660 S Amphlett Blvd Suite 315**
> **San Mateo, CA 94402**
> **Tel: (650)475-6289**
> **Email: Andy.Liu@AptumLaw.us;**
> **Tina.Jin@AptumLaw.us; bjliuzheng@gmail.com**
>
> **ATTORNEY TO BE NOTICE**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☒ BY PERSONAL SERVICE VIA DDS LEGAL

☒ I caused such envelope to be delivered by personal service on the necessary part(ies) in this action at the address(es) listed herein above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

EXECUTED October 27, 2025 in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

*London L. Zamora*
London L Zamora