# EXHIBIT B


Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL AI INC., et al.,<br><br>Defendants. | Case No.: 2:25-cv-04167-DSF-JC<br><u>Hon. Dale S. Fischer Presiding</u><br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |

PROPOUNDING PARTY:   BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC

RESPONDING PARTY:   LOCAL AI INC.

SET:   ONE

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff hereby requests that Defendant Local AI, Inc. ("Defendant" or "Responding Party") respond to the following requests for the production of documents and things, and produce the requested documents and things, within 30 days of service at DONIGER / BURROUGHS, 603 Rose Avenue, Venice, CA 90291.

# DEFINITIONS

1. "IDENTIFY" with regard to a person means all information reflecting the person's name and any/all known addresses, contact information, and company affiliations. "IDENTIFY" with regard to a video or document means information reflecting where a video or document was obtained from, how it was obtained, and the names and roles of all PERSONS (defined below) involved therewith.

2. "YOU" and "YOUR" means Defendant LOCAL AI, INC. and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf, as well as his insurance companies, their agents, their representatives, and their employees.

3. "PLAINTIFF" means BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf.

4. "PERSON" means a natural person, firm, business organization (e.g., including but not limited to association, partnership, trust, corporation, etc.), and/or public entity.

5. "DOCUMENTS" has the meaning set forth in Federal Rules of Evidence §1001 and Federal Rule of Civil Procedure 34(a), including but not limited to COMMUNICATIONs, correspondence, emails, text messages, instant messages, spreadsheets, databases, presentations, images, audio files, video files, metadata, and any other data or information stored or maintained in electronic form (including all ESI), regardless of the device or system in which it is stored.

6. "COMMUNICATION" means any means any disclosure, transfer, or exchange of information or opinion, however made.

7. "ESI" means "Electronically Store Information" or "ESI" shall mean any electronically stored information or data consistent with the Federal Rules of Civil Procedure (e.g., DOCUMENTS and COMMUNICATIONS), including, but not limited to, data on magnetic or optical storage media as an "active" file or files

(readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data); and any and all information stored on accessible media, including, but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, smartphones and PDAs (personal digital assistants, such as PalmPilot, BlackBerry, iPhone, iPads, Samsung, Palm Treo, Cassiopeia, HP Jornada, and other such handheld computing devices) of your employees, digital mobile phones, tablets, and pagers.

      8.     The term "ELECTRONIC SYSTEM" means any information technology system, server, cloud service, database, or application (including without limitation, YOUR Scoopz application) used by YOU in the ordinary course of business or otherwise, including but not limited to email servers, customer relationship management (CRM) systems, accounting systems, messaging platforms, project management tools, and any other electronic platform where information is created, stored, or transmitted.

      9.     "COMPLAINT" means the operative Complaint in this case.

      10.    "ANSWER" means YOUR operative Answer in this case.

      11.    "SUBJECT VIDEO A" means the video identified as "Well that didn't go like he expected" in paragraph 9 of the COMPLAINT.

      12.    "SUBJECT VIDEO B" means the video identified as "I'm not sure our daughter is mines anymore" in paragraph 9 of the COMPLAINT.

      13.    "SUBJECT VIDEOS" means SUBJECT VIDEO A and SUBJECT VIDEO B collectively.

14. "INFRINGING VIDEO A" means the allegedly unauthorized copy of the SUBJECT VIDEO A displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

15. "INFRINGING VIDEO B" means the allegedly unauthorized copy of the SUBJECT VIDEO B displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

16. "INFRINGING VIDEOS" means INFRINGING VIDEO A and INFRINGING VIDEO B collectively.

17. "ACCUSED POSTS" means the Facebook.com posts containing the SUBJECT VIDEOS and identified in the COMPLAINT.

18. "relating to," "related to," or "relate(s) to" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

19. As used herein, and where appropriate, the singular form of any noun or pronoun includes the plural and the use of the masculine gender includes the feminine and neuter, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS relating to YOUR access to and obtainment of the SUBJECT VIDEOS including DOCUMENTS IDENTIFYING YOUR employees and/or agents involved therewith.

**REQUEST NO. 2:**

All DOCUMENTS relating to YOUR selection of the SUBJECT VIDEOS for display on Facebook.com, including DOCUMENTS IDENTIFYING YOUR employees and/or agents involved therewith.

**REQUEST NO. 3:**

1  All DOCUMENTS relating to YOUR storing and/or maintaining of the SUBJECT VIDEOS on any ELECTRONIC SYSTEM.

**REQUEST NO. 4:**

All DOCUMENTS relating to YOUR storing and/or maintaining of the INFRINGING VIDEOS on any ELECTRONIC SYSTEM.

**REQUEST NO. 5:**

All DOCUMENTS which constitute, show, and/or reflect a license, authorization, or consent permitting YOU to use one or both SUBJECT VIDEOS on Facebook.com.

**REQUEST NO. 6:**

All DOCUMENTS which constitute, show, and/or reflect the source(s) from which YOU obtained each of the SUBJECT VIDEOS.

**REQUEST NO. 7:**

All DOCUMENTS which constitute, show, reflect, and/or relate to any/all representation(s) made to YOU regarding ownership and/or use of the SUBJECT VIDEOS.

**REQUEST NO. 8:**

All DOCUMENTS and COMMUNICATIONS relating to the SUBJECT VIDEOS and/or the INFRINGING VIDEOS.

**REQUEST NO. 9:**

DOCUMENTS sufficient to IDENTIFY each website or social media page, profile or channel (including without limitation Facebook) on, or through which, YOU displayed the INFRINGING VIDEOS.

**REQUEST NO. 10:**

All DOCUMENTS which constitute, show, and/or reflect, at the time INFRINGING VIDEO A was displayed on Facebook.com, YOUR knowledge that YOU did not own the copyrights in SUBJECT VIDEO A.

**REQUEST NO. 11:**

All DOCUMENTS which constitute, show, and/or reflect, at the time INFRINGING VIDEO B was displayed on Facebook.com, YOUR knowledge that YOU did not own the copyrights in SUBJECT VIDEO B.

**REQUEST NO. 12:**

All DOCUMENTS which constitute, show, and/or reflect, at the time the INFRINGING VIDEO A was displayed on Facebook.com, YOUR knowledge that YOU did not have authorization to use SUBJECT VIDEO A.

**REQUEST NO. 13:**

All DOCUMENTS which constitute, show, and/or reflect, at the time the INFRINGING VIDEO B was displayed on Facebook.com, YOUR knowledge that YOU did not have authorization to use SUBJECT VIDEO B.

**REQUEST NO. 14:**

All DOCUMENTS that refer to and/or reflect any/all of YOUR policies, effective as of 2018, applying to YOUR use of content of third parties on Facebook.com.

**REQUEST NO. 15:**

All DOCUMENTS and COMMUNICATIONS which relate to YOUR decision to post INFRINGING VIDEO A on YOUR Facebook profiles or pages, including without limitation the "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia" profiles and pages.

**REQUEST NO. 16:**

All DOCUMENTS and COMMUNICATIONS which relate to YOUR decision to post INFRINGING VIDEO A on any website, app and/or social media page, channel or profile other than YOUR Facebook profiles or pages.

**REQUEST NO. 17:**

All DOCUMENTS and COMMUNICATIONS which relate to YOUR decision to post INFRINGING VIDEO B on YOUR Facebook profiles or pages,

including without limitation the "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia" profiles and pages.

**REQUEST NO. 18:**

All DOCUMENTS and COMMUNICATIONS which relate to YOUR decision to post INFRINGING VIDEO B on any website, app and/or social media page, channel or profile other than YOUR Facebook profiles or pages.

**REQUEST NO. 19:**

All DOCUMENTS and COMMUNICATIONS which constitute, show, reflect, and/or relate to the creation and/or modification of any post including one or both INFRINGING VIDEOS on YOUR Facebook profiles or pages, including without limitation the "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia" profiles and pages.

**REQUEST NO. 20:**

All DOCUMENTS and COMMUNICATIONS which constitute, show, reflect, and/or relate to the creation and/or modification of any post including one or both INFRINGING VIDEOS on any website, app and/or social media page, channel or profile other than YOUR Facebook profiles or pages.

**REQUEST NO. 21:**

All DOCUMENTS which constitute, show, and/or reflect any/all cost(s) YOU incurred in accessing, obtaining and/or displaying SUBJECT VIDEOS.

**REQUEST NO. 22:**

All DOCUMENTS relating to indemnification agreements YOU entered into relating to, covering, and/or involving claims asserted in connection with SUBJECT VIDEOS and/or INFRINGING VIDEOS.

**REQUEST NO. 23:**

All DOCUMENTS which constitute, show, and/or reflect the first and last dates on which each of the INFRINGING VIDEOS was displayed on each of YOUR

Facebook profiles or pages including without limitation, the "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia" profiles and pages.

**REQUEST NO. 24:**

All DOCUMENTS which constitute, show, and/or reflect the first and last dates on which each of the INFRINGING VIDEOS was displayed on any website, app and/or social media page, channel or profile other than YOUR Facebook profiles or pages.

**REQUEST NO. 25:**

All DOCUMENTS which constitute, show, and/or reflect the web traffic to and/or engagement with each of YOUR Facebook posts displaying one or more of the INFRINGING VIDEOS, including without limitation, views, likes, comments, shares, and/or reposts.

**REQUEST NO. 26:**

All DOCUMENTS which constitute, show, and/or reflect the web traffic to and/or engagement with each of YOUR posts displaying one or more of the INFRINGING VIDEOS, including without limitation, views, likes, comments, shares, and/or reposts, on any website, app and/or social media page, channel or profile other than YOUR Facebook profiles or pages.

**REQUEST NO. 27:**

All DOCUMENTS which constitute, show, and/or reflect any/all insurance policies which may provide YOU with coverage for the claims asserted against YOU in this lawsuit.

**REQUEST NO. 28:**

All DOCUMENTS and COMMUNICATIONS relating to notice to YOU that YOUR display of the INFRINGING VIDEOS on Facebook.com was allegedly infringing, as well as YOUR investigation into that notice and YOUR response(s) thereto.

**REQUEST NO. 29:**

DOCUMENTS sufficient to show the total revenue and gross profit YOU earned from Facebook.com, broken down by month, for the past five years, including all revenue and gross profit attributable to each of the INFRINGING VIDEOS.

**REQUEST NO. 30:**

DOCUMENTS sufficient to show the total costs and expenses YOU incurred in connection with YOUR posting the INFRINGING VIDEOS on any and all of YOUR Facebook pages and/or profiles and other websites or social media sites.

**REQUEST NO. 31:**

All DOCUMENTS that YOU reference, allude to, used in preparation of, and/or rely on in YOUR ANSWER, initial disclosures, and/or responses to PLAINTIFF'S discovery requests.

**REQUEST NO. 32:**

All DOCUMENTS that YOU contend support YOUR affirmative defenses asserted in YOUR ANSWER.

**REQUEST NO. 33:**

All DOCUMENTS upon which YOU base YOUR denial, in whole or in part, of any of PLAINTIFF'S Requests for Admission.

**REQUEST NO. 34:**

All DOCUMENTS which constitute, show, reflect, and/or relate to the extent to which YOU can monitor and/or exercise control over the content and/or posts posted on Facebook.com via YOUR Facebook handles "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia" and/or associated social media pages.

Dated: October 27, 2025

DONIGER / BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
David Shein, Esq.
Attorneys for Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On October 27, 2025 I caused to be served the ENCLOSED documents described as: **PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS;** on the following necessary part(ies) in this action:

> **Zheng "Andy" Liu / Zhan Jin**
> **1660 S Amphlett Blvd Suite 315**
> **San Mateo, CA 94402**
> **Tel: (650)475-6289**
> **Email: Andy.Liu@AptumLaw.us;**
> **Tina.Jin@AptumLaw.us; bjliuzheng@gmail.com**
>
> **ATTORNEY TO BE NOTICE**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope addressed as follows:
☒ BY PERSONAL SERVICE VIA DDS LEGAL
    ☒ I caused such envelope to be delivered by personal service on the necessary part(ies) in this action at the address(es) listed herein above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

    EXECUTED October 27, 2025 in Venice, California.
☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

*London L. Zamora*
London L Zamora