Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL AI INC., et al., <br><br> Defendants. | Case No.: 2:25-cv-04167-DSF-AYP <br> *Hon. Dale S. Fischer Presiding* <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SEEKING MODIFYING THE SCHEDULING ORDER** <br><br> **[Declaration of David Shein; (Proposed) Order Filed Concurrently Herewith]** <br><br> Current Deadlines: <br> Fact Disc. Cutoff:  3/31/2026 <br> Expert Disc. Cutoff:  7/21/2026 <br> Settlement Conference:  6/23/2026 <br> Final Pretrial Conference:  8/17/2026 <br> Jury Trial:  09/15/2025 |

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Big Foot Creative Studios and Media Group, LLC ("Plaintiff" or "Big Foot") hereby applies ex parte, by and through its counsel of record, for an Order modifying the Scheduling Order continuing the trial and pretrial dates by only ninety (90) days as follows.

| Event | Current Date | [Proposed] Date |
|---|---|---|
| Fact Discovery Cut-Off | 3/31/2026 | 6/29/2026 |
| Expert Witness Exchange — Initial | 4/07/2026 | 7/6/2026 |
| Expert Witness Exchange — Rebuttal | 4/14/2026 | 7/13/2026 |
| Expert Discovery — Cut-off | 4/21/2026 | 7/20/2026 |
| Motion Hearing Cut-off | 6/08/2026 | 9/6/2026 |
| ADR Cut-off | 6/23/2026 | 9/21/2026 |
| Trial Documents (Set One) | 7/28/2026 | 10/26/2026 |
| Trial Documents (Set Two) | 8/04/2026 | 11/2/2026 |
| Final Pre-Trial Conference | 8/17/2026 | 11/16/2026 |
| Trial Date | 9/15/2026 | 12/15/2026 |

This application is brought on an *ex parte* basis because the parties reached a settlement in principle on February 23, 2026 when Defendant accepted Plaintiff's monetary settlement offer but since that date Defendant has delayed for weeks in providing Plaintiff with comments or revisions to the long form settlement agreement. With the fact discovery and expert discovery deadlines looming, Plaintiff will be irreparably prejudiced if the long form settlement agreement is not finalized and executed imminently because Plaintiff will not be able to complete discovery and prepare this case for trial by no fault of its own. And there will be no prejudice to any party if the requested continuance is granted.

As this Court is aware, after Defendant failed to respond to any discovery in

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

this case or meet and confer over a motion to compel, on February 2, 2026, Plaintiff filed a motion to compel set for hearing on March 3, 2026. Declaration of David Shein ("Shein Decl."), ¶¶ 2-4; Dkt. 23. Defendant did not oppose and Plaintiff filed a notice of non-opposition on February 11, 2026. Id. ¶ 5; Dkt. 25. On February 19, 2026, Plaintiff extended a settlement offer to Defendant. Shein Decl. ¶ 6. On the afternoon of February 23, 2026, Magistrate Judge Anna Y. Park issued a scheduling notice vacating the hearing date on Plaintiff's motion to compel and took the motion under submission. Dkt. 26. Approximately five hours later, counsel for Defendant responded to Plaintiff by email accepting Plaintiff's settlement offer as to the monetary amount and shortly thereafter (on that same day) filed a Notice of Settlement. Shein Decl. ¶ 7; Dkt. 27.

The following day, Plaintiff's counsel sent a draft settlement agreement to Defendant's counsel. Shein Decl. ¶ 10. After two weeks of repeated prodding by Plaintiff's counsel that Defendant provide revisions or confirm its acceptance of the long form, and after repeated assurances by Defendant's counsel that a draft would be provided imminently, on March 11, 2026, Defendant's counsel finally provided a redline draft of the long form agreement. Id. ¶¶ 10–12. The very next day, March 12, Plaintiff's counsel sent a revised draft to Defendant. Id.

Since March 12, 2026, Plaintiff has sent repeated emails to Defendant's counsel asking for the status of the draft and has held several phone calls with Defendant's counsel as well. Defendant's counsel repeatedly assured Plaintiff's counsel that he would be send a draft imminently including on specific days, including on March 20, wherein counsel confirmed by telephone and follow-up email that a draft of the agreement would be provided that afternoon. Counsel did not send the draft nor respond to Plaintiff's counsel's March 23 follow up.

On March 24, Plaintiff's counsel emailed Defendant's counsel to provide notice of the instant ex parte application and followed up that email with a phone call. On that call, counsel again provided assurances that he would send a draft

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

agreement but none was sent until 11:42 a.m. PST on March 25, 2026 *after* Plaintiff had prepared a draft of this application and just moments before the application was filed. Id. ¶ 14 – 15.

Specifically, a prior draft of Plaintiff's application was ready for filing at 11:30 a.m. PST on March 25, 2026 and queued up to be filed on PACER by Plaintiff's counsel. Moments before Plaintiff executed the filing, at 11:42 a.m. PST, Defendant's counsel sent a draft including several provisions to which Plaintiff has not agreed. Thus, the long form is not ready to be executed at the time of this filing and given the long delays between drafts from Defendant, this filing and request for relief is necessary. Id.

Plaintiff did not previously object to Defendant's notice of settlement in light of this Court's directive on page 1 of its Standing Order that "Counsel must advise the Court immediately if the case or any pending matter has been resolved[]" (Dkt. 11, p.1) and Local Rule 16-15.7 requiring that: "If a settlement is reached, counsel shall (a) immediately report the settlement to the trial judge's courtroom deputy clerk; and (b) timely memorialize the terms of the settlement." And given the apparent settlement, Plaintiff did not pursue further discovery—which would have further burdened the parties and undermined the benefits of the settlement in principle. Moreover, Defendant would have resisted further discovery in light of settlement. Shein Decl. ¶¶ 8–9.

Yet given Defendant's failure at this late hour to finalize settlement (while insisting that the case is effectively settled), Plaintiff submits that good cause exists to continue the trial and pretrial date so as to allow the parties to finalize settlement within a week and if same cannot be accomplished, to allow Plaintiff the opportunity to continue to pursue discovery and have its motion to compel be put back on calendar and to possibly file a motion for enforcement of the settlement.

Plaintiff must seek *ex parte* relief as the current discovery deadline is March 31, 2026 and a regularly noticed motion cannot be noticed and heard prior to the

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

expiration of the deadline. On March 24, 2026, Plaintiff's counsel memorialized in an email its intention to move *ex parte* for the relief sought and provided the same notice to Defendant's counsel via telephone. Shein Decl. ¶¶ 14–15. Counsel stated that Defendant does not oppose the 90-day continuance but indicated that Defendant may file a response if it takes issue with Plaintiff's characterization of events. Id.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of David Shein.

**Notice of *Ex Parte* Application**

Pursuant to Local Rule 7-19, on March 24, 2026, Plaintiff provided notice to Andy Liu, Esq. of Aptum Law, counsel for Defendant by e-mail and by telephone and notified Defendant's counsel that any opposing papers are due 48 hours (2 court days) after service. Shein Decl. ¶¶ 14–15. Mr. Liu's address, telephone number, and email address are as follows:

- Address: 1660 S Amphlett Blvd Suite 315, San Mateo, CA 94402

- Phone: (650) 475-6289

- Email: andy.liu@aptumlaw.us

Mr. Liu indicated via telephone that Defendant does not oppose the 90-day extension of time but indicated that Defendant may file a response if it takes issue with Plaintiff's characterization of events.

Respectfully submitted,

Dated: March 25, 2026           By:   */s/ David Shein*
                                      Stephen M. Doniger, Esq.
                                      David Shein, Esq.
                                      DONIGER / BURROUGHS
                                      *Attorneys for Plaintiff*

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Plaintiff respectfully seeks an order to modify the current Scheduling Order in this case to continue pre-trial deadlines and trial by ninety (90) days.

### II.    Procedural and Factual History

Plaintiff filed this copyright infringement action on May 8, 2025. Dkt. 1. Defendant answered on July 9, 2025. Dkt. 14. On September 23, 2025, the Court issued its Case Management Order setting a fact discovery cutoff of March 31, 2026, and a jury trial date of September 15, 2026. Dkt. 20.

On February 2, 2026, Plaintiff filed a Motion to Compel discovery responses from Defendant noticed for hearing on March 3, 2026. Dkt. 23. Defendant did not oppose the motion to compel by the deadline to do so and so on February 11, 2026, Plaintiff filed a notice of non-opposition. Declaration of David Shein ("Shein Decl.") ¶ 5; Dkt. 25. On February 19, 2026, Plaintiff conveyed a settlement offer via email to Defendant. Shein Decl. ¶ 6. On the afternoon of February 23, 2026, Magistrate Judge Anna Y. Park vacated the hearing on Plaintiff's motion to compel and took the motion under submission. Dkt. 26. Approximately five hours later, Defendant's counsel sent an email to accepting Plaintiff's February 19 settlement offer and shortly thereafter Defendant's counsel filed a Notice of Settlement. Shein Decl. ¶ 7; Dkt. 27.

The following day, Plaintiff's counsel sent a draft long-form settlement agreement. Shein Decl. ¶ 10. Over the ensuing two weeks, Plaintiff's counsel made repeated requests that Defendant provide revisions or confirm its acceptance, receiving assurances that a draft would be forthcoming. Shein Decl. ¶¶ 10–11. Defendant's counsel eventually provided a redline draft on March 11, 2026. Shein Decl. ¶ 12. Plaintiff returned a revised draft the very next day. Id.

Since March 12, 2026, Plaintiff's counsel has sent multiple follow-up emails and held telephone calls with Defendant's counsel, who repeatedly promised that a

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

revised draft would be provided imminently—including a specific commitment on March 19 that a draft would be sent that afternoon but no draft was sent. Id. ¶ 13. Plaintiff followed up by email on March 23, 2026 but Defendant did not respond. Id.

On March 24, Plaintiff's counsel emailed Defendant's counsel to provide notice of the instant ex parte application and followed up that email with a phone call. On that call, counsel again provided assurances that he would send a draft agreement but none was sent until 11:42 a.m. PST on March 25, 2026 *after* Plaintiff had prepared a draft of this application and just moments before the application was filed. Id. ¶ 14 – 15.

Specifically, a prior draft of Plaintiff's application was ready for filing at 11:30 a.m. PST on March 25, 2026 and queued up to be filed on PACER by Plaintiff's counsel. Moments before Plaintiff executed the filing, at 11:42 a.m. PST, Defendant's counsel sent a draft including several provisions to which Plaintiff has not agreed. Thus, the long form is not ready to be executed at the time of this filing and given the long delays between drafts from Defendant, this filing and request for relief is necessary. Id.

Plaintiff did not file an objection to Defendant's notice of settlement, mindful of this Court's directive that "Counsel must advise the Court immediately if the case or any pending matter has been resolved[]" (Dkt. 11, p.1) and Local Rule 16-15.7 requiring that: "If a settlement is reached, counsel shall (a) immediately report the settlement to the trial judge's courtroom deputy clerk; and (b) timely memorialize the terms of the settlement." And in light of the settlement, Plaintiff did not pursue further discovery since a primary goal of the settlement in principle is to avoid such ongoing costs. Moreover, Defendant would have resisted further discovery in light of settlement. Shein Decl. ¶¶ 8–9.

/ / /

/ / /

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

### III.    Argument

#### a.    Ex parte relief is warranted in the instant matter

Ex parte relief is appropriate where the applicant will suffer irreparable prejudice if the motion is heard according to regular noticed procedures and is without fault in creating the need for *ex parte* relief. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also* C.D. Cal. L.R. 37-3 (for a discovery motion to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party").[1]

Both criteria are satisfied here given the extenuating circumstances regarding the long-delayed finalization of the settlement agreement.

Plaintiff stands to be significantly prejudiced if the sought relief is denied. Plaintiff was actively and diligently pursuing discovery when the Notice of Settlement was filed; it had an unopposed motion to compel set to be heard a month ahead of the fact discovery cut-off and had served a Rule 30(b)(6) deposition notice on Defendant and reasonably expected to take that deposition prior to the discovery cut-off. Shein Decl. ¶¶ 3–5. However, once Defendant accepted Plaintiff's settlement offer and filed a notice of settlement, Plaintiff reasonably ceased pursuing discovery, and the Court appears to have withheld ruling on the pending motion to compel as well.

Similarly, Plaintiff has been diligent in finalizing the long form settlement agreement. Plaintiff sent a draft long form to Defendant the day after Defendant accepted Plaintiff's settlement offer, Plaintiff repeatedly followed up with Defendant seeking revisions to or acceptance of the long form terms, and when

---

[1] Plaintiff is not pursuing discovery on an ex parte basis but Plaintiff does have a pending motion to compel which has not been ruled on since Defendant filed a Notice of Settlement and Plaintiff anticipates requesting that the Magistrate Judge issue a ruling if necessary.

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

Defendant sent revisions, Plaintiff responded to Defendant the very next day with a further revised draft of the settlement agreement. Plaintiff continued to follow up with Defendant thereafter by email and telephone, received assurances that a further response would be imminently forthcoming, but only arrived by the very last moment and in a form that is not ready for execution. Id. ¶¶ 10–15.

Had Defendant not accepted Plaintiff's offer, a ruling on Plaintiff's unopposed motion to compel would have issued well in advance of the discovery cut-off and Plaintiff would have had with ample time to take Defendant's deposition prior to the discovery cut-off. Plaintiff is now forced to move *ex parte* for the continuance in order to allow time to pursue its motion to compel and further discovery should Defendant's delay in finalizing a satisfactory long form persist.

### b.  Good cause warrants granting Plaintiff's request

Good cause exists to continue the pre-trial deadlines and the trial date. A motion to extend dates set in the Court's scheduling order requires a showing of good cause. See *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.*, quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); See also, *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).  Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. Plaintiff has satisfied these requirements.

First, there is good cause for the extension. Discovery is currently set to close on March 31, 2026. The intervening 7 days are insufficient time for Plaintiff to request and receive a ruling on its unopposed motion to compel, review

responses and depose Defendant in order to prepare its case for summary judgment and trial. Plaintiff has been diligent in its pursuit of discovery in this matter and moving to compel and has only stopped pursuing discovery because the parties reached a settlement. Thus, good cause exists for the requested continuance. Moreover, if the Plaintiff is unable to obtain the discovery sought due to the current deadline and if the long form settlement is not executed in short order (or at all), Plaintiff will be unfairly prejudiced, and Defendant potentially awarded for its delay.[2]

### c. Defendant will not be prejudiced by the requested continuance

Defendant will face no prejudice by the requested extension and indeed consent to same. Id. ¶ 14. The requested extension is necessary for the parties to finalize the long form in short order or move on to obtaining a ruling on Plaintiff's motion to compel and pursuing further discovery to prepare this case for summary judgment and trial.

### IV.   Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that its *ex parte* application be granted and the Court modify its scheduling order to by continuing all pre-trial and trial dates by ninety (90) days and as follows.

| Event | Current Date | [Proposed] Date |
|---|---|---|
| Fact Discovery Cut-Off | 3/31/2026 | 6/29/2026 |
| Expert Witness Exchange — Initial | 4/07/2026 | 7/6/2026 |
| Expert Witness Exchange — Rebuttal | 4/14/2026 | 7/13/2026 |
| Expert Discovery — Cut-off | 4/21/2026 | 7/20/2026 |
| Motion Hearing Cut-off | 6/08/2026 | 9/6/2026 |
| ADR Cut-off | 6/23/2026 | 9/21/2026 |

---

[2] Plaintiff recognizes that the settlement could be enforceable as is, but the goal is to avoid burdening the court or engaging in further unnecessary motion practice.

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

| Trial Documents (Set One) | 7/28/2026 | 10/26/2026 |
| Trial Documents (Set Two) | 8/04/2026 | 11/2/2026 |
| Final Pre-Trial Conference | 8/17/2026 | 11/16/2026 |
| Trial Date | 9/15/2026 | 12/15/2026 |

Respectfully submitted,

Dated: March 25, 2026    By:    */s/ David Shein*
Stephen M. Doniger, Esq.
David Shein, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

6

PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER

## <u>L.R. 11-6.2. Certificate of Compliance</u>

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document.

The undersigned, Plaintiff's counsel of record, certifies that this brief contains 1,501 words, and complies with the word limit of L.R. 11-6.1.


Dated: March 25, 2026                     By:    */s/ David Shein*
                                                 David Shein, Esq.

7