Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL AI INC., et al., <br><br> Defendants. | Case No.: 2:25-cv-04167-DSF-AYP <br> *Hon. Dale S. Fischer Presiding* <br><br> **DECLARATION OF DAVID SHEIN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SEEKING MODIFYING THE SCHEDULING ORDER** |

## <u>DECLARATION OF DAVID SHEIN, ESQ.</u>

I, David Shein Esq., declare as follows:

1.     I am above 18 years of age and counsel at DONIGER / BURROUGHS PC, counsel for Plaintiff Big Foot Creative Studios and Media Group, LLC, and I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify hereto.

2.     My office served interrogatories, requests for production and requests for admission on Defendant on October 27, 2025.

- 1 -
DECLARATION OF DAVID SHEIN, ESQ.

3. On January 29, 2026, my office served Defendant with a Rule 30(b)(6) deposition notice.

4. On February 2, 2026, Plaintiff filed its Motion to Compel Defendant's Discovery Responses and Request for Sanctions, noticed for hearing on March 3, 2026, seeking responses to written discovery and for the production of documents because Defendant did not respond to discovery or requests to meet and confer.

5. Defendant did not oppose the motion to compel and thus on February 11, 2026 Plaintiff filed a Notice of Non-Opposition.

6. On February 19, 2026, I emailed a settlement offer on behalf of Plaintiff to counsel for Defendant.

7. On the afternoon of February 23, 2026, the Court vacated the hearing on Plaintiff's Motion to Compel and took the motion under submission. Approximately five hours later, in response to my February 19 settlement offer, counsel for Defendant emailed me stating "your office [sic] is accepted. please send a draft settlement agreement." And shortly thereafter, Defendant's counsel filed a Notice of Settlement.

8. In reliance on the parties' settlement in principle, Plaintiff did not pursue further discovery following the February 23, 2026 settlement as doing so would have further burdened the parties and undermined the benefits of settlement in principle. Moreover, Defendant would have resisted any further discovery in light of settlement.

9. Plaintiff did not file an objection to Defendant's Notice of Settlement, mindful of this Court's Standing Order directive that "Counsel must advise the Court immediately if the case or any pending matter has been resolved" (Dkt. 11, p. 1) and Local Rule 16-15.7 requiring counsel to "(a) immediately report the settlement to the trial judge's courtroom deputy clerk; and (b) timely memorialize the terms of the settlement."

DECLARATION OF DAVID SHEIN, ESQ.

10.    On February 24, 2026, I sent a draft long form settlement agreement to Defendant's counsel. On March 3, 2026, I emailed Defendant's counsel asking for the status and requesting confirmation that the agreement was acceptable or that a redline would be returned by end of day the following day. On March 4, 2026, Defendant's counsel responded: "working on it. will finalize shortly." I followed up again on March 6 and again on March 9.

11.    On March 10, 2026, Defendant's counsel said he would "provide a redline in an hour" and asked for wire instructions for payment. No redline was provided within one hour. Later that day counsel stated he was "working on it" and would "send it to you in 1-2 hours." No draft was sent that day.

12.    On March 11, 2026, Defendant's counsel sent a redline of the long form. On March 12, I sent a revised draft to counsel.

13.    On March 16 and March 17, I emailed counsel asking for a status on Defendant's draft and received no response. On March 19, I called Defendant's counsel by telephone. Counsel told me during the call that he would be sending me a revised draft that afternoon. On March 20, 2026, at approximately 1:39 p.m., I emailed Defendant's counsel following up on his commitment from the prior day's phone call. Defendant's counsel responded: "Yes, I'm working on it; will send it over." No draft was sent. I again emailed counsel on March 23 and received no response.

14.    On March 24, I emailed counsel to provide notice of the instant ex parte application and followed up that email with a phone call. On that call, counsel again provided assurances that he would send a draft agreement but at the time of this filing he has not done so. Counsel stated that Defendant would not oppose the ninety 90-day continuance requested by Plaintiff but did indicate that Defendant may file a response if takes issue with Plaintiff's characterization of events.

DECLARATION OF DAVID SHEIN, ESQ.

15.     Later on March 24, 2025, I drafted an ex parte application seeking a continuance of the Scheduling Order. That application is identical to this application except to the extent that this application addresses Defendant's last minute email attaching a draft settlement agreement. Specifically, the prior application was ready for filing at 11:30 a.m. PST on March 25, 2026 and queued up to be filed on PACER by my office. Moments before my office executed the filing, at 11:42 a.m. PST, Defendant's counsel sent a draft including several provisions to which Plaintiff has not agreed. Thus, the long form is not ready to be executed at the time of this filing and given the long delays between drafts, this filing and request for relief remains necessary.

16.     As discussed above and repeated here to ensure compliance with the Rules, Pursuant to Local Rule 7-19, on March 24, 2026, Plaintiff provided notice to Andy Liu, Esq. of Aptum Law, counsel for Defendant by e-mail and by telephone and notified Defendant's counsel that any opposing papers are due within 48 hours (2 court days) after service. Mr. Liu's address, telephone number, and email address are as follows:

- Address: 1660 S Amphlett Blvd Suite 315, San Mateo, CA 94402

- Phone: (650) 475-6289

- Email: andy.liu@aptumlaw.us

Mr. Liu indicated via telephone that Defendant does not oppose the 90-day extension of time but indicated that Defendant may file a response if it takes issue with Plaintiff's characterization of events.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 24, 2026 in New York, New York.

/s/ *David Shein*
David Shein, Esq.
Declarant

- 4 -

DECLARATION OF DAVID SHEIN, ESQ.