Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL AI INC., et al.,<br><br>Defendants. | Case No.: 2:25-cv-04167-DSF-AYP<br>*Hon. Anna Y. Park Presiding*<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO SECOND SET OF DISCOVERY AND REQUEST FOR SANCTIONS; DECLARATION OF DAVID SHEIN**<br><br>Discovery Cut-Off: June 29, 2026<br>Trial Date: December 15, 2026<br><br>Hearing Date: May 20, 2026<br>Hearing Time: 10:00 a.m.<br>Courtroom: 750 |

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS

PLEASE TAKE NOTICE that on May 20, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Anna Y. Park, United States Magistrate Judge, in Courtroom 750 of the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012, Plaintiff Big Foot Creative Studios and Media Group, LLC ("Plaintiff" or "Big Foot") will and hereby does respectfully move for an order compelling Defendant Local AI, Inc. ("Defendant" or "Local AI") to provide complete responses to Plaintiff's Second Set of Interrogatories, Second Set of Requests for Production of Documents, and Second Set of Requests for Admissions, and for an award of monetary sanctions.

This motion is brought pursuant to Federal Rules of Civil Procedure 37(a)(3)(B) and Local Rules 37-1 et seq. As with the first set of discovery (which remains the subject of Plaintiff's pending Motion to Compel, Dkt. 23), Defendant has entirely failed to respond. Defendant has also failed to respond to Plaintiff's request to meet and confer regarding this motion.

Pursuant to Local Rule 37-2.4, Plaintiff files this motion without a joint stipulation because Defendant's counsel has failed to confer under L.R. 37-1 and has failed to provide any discovery responses, rendering a joint stipulation impossible.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of David Shein, the pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing.

Respectfully submitted,

DONIGER / BURROUGHS

Dated:  April 20, 2026          By:  */s/ David Shein*
                                     Stephen M. Doniger, Esq.
                                     David Shein, Esq.
                                     Attorneys for Plaintiff

## I. INTRODUCTION

Defendant has made a mockery of its discovery obligations in this case. It didn't respond to Plaintiff's first set of discovery requests, forcing Plaintiff to file a Motion to Compel. Dkt. 23; Declaration of David Shein ("Shein Decl.") ¶ 3. Despite a pending motion to compel, Defendant has still not made an effort to respond. Shein Decl. ¶3. And while that first motion has been pending, Defendant has continued the same pattern of total non-participation by failing respond to Plaintiff's Second Set of Interrogatories, Second Set of Requests for Production of Documents, or Second Set of Requests for Admissions, all of which were served on February 5, 2026 and were due on or about March 9, 2026. Shein Decl. ¶¶ 4–6. Defendant also ignored Plaintiff's request to meet and confer regarding this motion under Local Rule 37-1. Id. ¶ 8.

Defendant is not taking this case or its discovery obligations seriously. Plaintiff respectfully requests that the Court compel responses, deem all objections waived, deem the Second Set of Requests for Admissions admitted, and impose meaningful monetary sanctions.

## II. RELEVANT BACKGROUND

This is a copyright infringement action. Plaintiff alleges that Defendant copied and displayed Plaintiff's original videos—"Well that didn't go like he expected" and "I'm not sure our daughter is mines anymore"—on Defendant's without authorization. (Complaint ¶¶ 9–10.) Defendant operates under the name "Scoopz," owns and operates and app named "Scoopz" and maintains multiple Facebook pages, including "@Scoopz Illinois," "@Scoopz Alaska," and "Scoopz Georgia" on which it made certain unauthorized displays, among others. (Id. ¶ 10.) Defendant filed an Answer asserting nineteen affirmative defenses. (Dkt. 14.) The further factual and procedural background is set forth in Plaintiff's pending Motion to Compel, Dkt. 23-1, and Plaintiff's Request for Ruling, Dkt. 30. Plaintiff summarizes only those facts pertinent to this motion below.

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS

On October 27, 2025, Plaintiff served Defendant with Plaintiff's first set of discovery. Dkt. 23-2 ¶ 2. Defendant failed to respond. Plaintiff's counsel attempted to meet and confer on December 11, 2025. Defendant did not respond. Id. ¶¶ 4–5. Plaintiff filed its first Motion to Compel on February 2, 2026 (Dkt. 23) and a Notice of Non-Opposition on February 11, 2026 (Dkt. 25). On February 23, 2026, the Court vacated the hearing and took the matter under submission. Dkt. 26. That motion remains pending and Defendant has still not served any responses to the first set of discovery. Shein Decl. ¶ 3.

On February 5, 2026—while the first discovery failure was still outstanding—Plaintiff served Defendant with Plaintiff's Second Set of Interrogatories, Second Set of Requests for Production of Documents, and Second Set of Requests for Admissions. Shein Decl. ¶ 4, Exhs. A–C. Defendant's responses were due on or about March 9, 2026. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). To date, Defendant has not served any responses. Shein Decl. ¶ 6.

On February 23, 2026, the parties reached settlement in principle, and Defendant filed a Notice of Settlement the next day. Dkt. 27. Defendant then dragged its feet on papering the settlement. With discovery and other deadlines approaching, on March 25, 2026 Plaintiff filed an *ex parte* application to continue case deadlines (Dkt. 28), which the Court granted on March 27, 2026 (Dkt. 29). Plaintiff sent Defendant a draft long-form settlement agreement on March 30, 2026. Defendant has still not provided comments to the draft and has not executed it. Shein Decl. ¶ 7; see Dkt. 30.

On April 8, 2026, Plaintiff's counsel emailed Defendant's counsel requesting a time to meet and confer under Local Rule 37 regarding Plaintiff's anticipated motion to compel responses to the Second Set of Discovery. Shein Decl. ¶ 8. Defendant's counsel responded the next morning but addressed only settlement timing and a takedown issue; counsel did not respond to the request to

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS

meet and confer on this motion, and has not since. Id. ¶ 8. Plaintiff therefore has no choice but to bring this motion under Local Rule 37-2.4.

## III.   ARGUMENT

**A. Defendant Should Be Compelled to Respond to the Second Set of Discovery, All Objections Deemed Waived, and the Requests for Admissions Deemed Admitted.**

Federal Rule of Civil Procedure 37(a)(3)(B) authorizes the Court to compel responses when a party fails to answer interrogatories or produce documents. A party who fails to serve timely responses to interrogatories or requests for production waives all objections, including privilege. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). A matter is deemed admitted under Rule 36(a)(3) if the party fails to respond within thirty days.

Defendant's responses to the Second Set of Discovery were due on or about March 9, 2026. More than five weeks have passed and Defendant has served no responses and sought no extension. Shein Decl. ¶ 6. Any objections are waived, the matters in the Second Set of Requests for Admissions should be deemed admitted, and Defendant should be ordered to provide complete, substantive responses to the interrogatories and requests for production within seven days.

**B. Substantial Sanctions Are Warranted.**

Rule 37(a)(5)(A) makes an award of expenses "mandatory" when a motion to compel is granted, absent enumerated exceptions that do not apply here. Plaintiff attempted in good faith to obtain the discovery without court intervention (Shein Decl. ¶ 8); Defendant's total non-response is not substantially justified; and there are no circumstances making an award unjust.

The Court's discretion should be informed by Defendant's pattern of misconduct. Defendant has now failed to respond to two full sets of written discovery and has ignored multiple meet-and-confer communications. It entered a

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS

settlement in principle and then refused to execute an agreement for nearly two months. Dkt. 30. And it has allowed a prior Motion to Compel to go unopposed and remain pending without ever serving any of the required discovery. This is not ordinary discovery recalcitrance—it is a refusal to participate in the litigation. Plaintiff respectfully requests sanctions commensurate with that pattern, including Plaintiff's reasonable attorney's fees and costs incurred in bringing this motion, in an amount to be submitted by declaration following a ruling on this Motion.

**C. Filing Without a Joint Stipulation Is Proper Under Local Rule 37-2.4.**

Local Rule 37-2.4 permits a party to proceed without a joint stipulation where opposing counsel "failed to confer in a timely manner under L.R. 37-1." Plaintiff's counsel requested a meet and confer on April 8, 2026 regarding this motion. Shein Decl. ¶ 8. Defendant's counsel did not respond to that request. Id. A joint stipulation is impossible where, as here, Defendant refuses to engage. Local Rule 37-2.4 relief is warranted.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests an order: (1) compelling Defendant to serve complete responses to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production of Documents within seven days; (2) deeming all objections waived; (3) deeming the matters in Plaintiff's Second Set of Requests for Admissions admitted pursuant to Fed. R. Civ. P. 36(a)(3); and (4) awarding Plaintiff its reasonable expenses, including attorney's fees, incurred in bringing this motion, in an amount to be submitted following a ruling on this motion.

|  |  |
|---|---|
| Dated:  April 20, 2026 | DONIGER / BURROUGHS<br><br>By:  */s/ David Shein*<br>Stephen M. Doniger, Esq.<br>David Shein, Esq.<br>Attorneys for Plaintiff |

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS