# EXHIBIT A

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BIG FOOT CREATIVE STUDIOS
AND MEDIA GROUP LLC,

Plaintiff,

v.

LOCAL AI INC., et al.,

Defendants.

Case No.: 2:25-cv-04167-DSF-JC
*Hon. Dale S. Fischer Presiding*

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

PROPOUNDING PARTY:     BIG FOOT CREATIVE STUDIOS
                       AND MEDIA GROUP LLC

RESPONDING PARTY:      LOCAL AI, INC.

SET:                   TWO

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff requests that Defendant Local AI, Inc. ("Defendant" or "Responding Party") answer the following interrogatories, under oath, within 30 days of service.

- 1 -

## DEFINITIONS

1.    "YOU" and "YOUR" means Defendant LOCAL AI, INC. and its agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf, as well as his insurance companies, their agents, their representatives, and their employees.

2.    "PLAINTIFF" means BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf.

3.    "PERSON" means a natural person, firm, business organization (e.g., including but not limited to association, partnership, trust, corporation, etc.), and/or public entity.

4.    "DOCUMENTS" has the meaning set forth in Federal Rules of Evidence §1001 and Federal Rule of Civil Procedure 34(a), including but not limited to COMMUNICATIONs, correspondence, emails, text messages, instant messages, spreadsheets, databases, presentations, images, audio files, video files, metadata, and any other data or information stored or maintained in electronic form (including all ESI), regardless of the device or system in which it is stored.

5.    "COMMUNICATION" means any means any disclosure, transfer, or exchange of information or opinion, however made.

6.    "ESI" means "Electronically Store Information" or "ESI" shall mean any electronically stored information or data consistent with the Federal Rules of Civil Procedure (e.g., DOCUMENTS and COMMUNICATIONS), including, but not limited to, data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data

PLAINTIFF'S SECOND SET OF INTERROGATORIES

has overwritten some but not all of previously stored data); and any and all information stored on accessible media, including, but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, smartphones and PDAs (personal digital assistants, such as PalmPilot, BlackBerry, iPhone, iPads, Samsung, Palm Treo, Cassiopeia, HP Jornada, and other such handheld computing devices) of your employees, digital mobile phones, tablets, and pagers.

7.     "COMPLAINT" means the operative Complaint in this case.

8.     "ANSWER" means YOUR operative Answer in this case.

9.     "SUBJECT VIDEO A" means the video identified as "Well that didn't go like he expected" in paragraph 9 of the COMPLAINT.

10.     "SUBJECT VIDEO B" means the video identified as "I'm not sure our daughter is mines anymore" in paragraph 9 of the COMPLAINT.

11.     "SUBJECT VIDEOS" means SUBJECT VIDEO A and SUBJECT VIDEO B collectively.

12.     "INFRINGING VIDEO A" means any copy, in whole or in part, of SUBJECT VIDEO A used by YOU, including without limitation, the allegedly unauthorized copy of the SUBJECT VIDEO A displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

13.     "INFRINGING VIDEO B" means any copy, in whole or in part, of SUBJECT VIDEO B used by YOU, including without limitation, the allegedly unauthorized copy of the SUBJECT VIDEO B displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

14.     "INFRINGING VIDEOS" means INFRINGING VIDEO A and INFRINGING VIDEO B collectively.

15.     "INFRINGING USES" means any use of the INFRINGING VIDEOS for purposes of advertising, promoting and/or marketing the Scoopz application and/or YOUR business.

PLAINTIFF'S SECOND SET OF INTERROGATORIES

16.    "IDENTIFY" or "IDENTITY" requires that YOU provide the following:

  a.  in the case of a natural PERSON, the PERSON's name, title, employer, and/or company affiliation, last known address, telephone number, and email address;

  b.  in the case of a PERSON other than a natural PERSON, its name, the address of its principal place of business (including zip code), its telephone number, email address, and the name of its corporate representative(s) most knowledgeable about the requested subject matter, as well as, if it has a PERSON other than a natural PERSON that ultimately controls it, that other PERSON's name, the address of that PERSON's principal place of business (including zip code), that other PERSON's telephone number, email address, and the name of that other PERSON's corporate representative(s) most knowledgeable about the requested subject matter;

  c.  in the case of a COMMUNICATION, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the IDENTITY of the PERSON who made the COMMUNICATION, the IDENTITY of the PERSON who received the COMMUNICATION, the IDENTITY of each other PERSON when it was made, and the subject matter discussed;

  d.  in the case of a DOCUMENT (including Statements) the title of the DOCUMENT, the author, the title or position of the author, the addressee, each recipient, the type of DOCUMENT, the subject matter, the date of preparation, and its number of pages; and

  e.  in the case of an agreement, its date, the place where it occurred, the IDENTITY of all PERSONS who were parties to the agreement, the IDENTIFY of each PERSON who has knowledge of the agreement

and all other PERSONS present when it was made, and the subject matter of the agreement.

17.    "relating to," "related to," or "relate(s) to" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

18.    As used herein, and where appropriate, the singular form of any noun or pronoun includes the plural and the use of the masculine gender includes the feminine and neuter, and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 17:

Describe in detail all paid advertising campaigns on Facebook, Instagram, Google, or other platforms that incorporated the SUBJECT VIDEOS and/or INFRINGING VIDEOS, including the campaign names, budget amounts, duration, targeting parameters, and the specific metrics achieved (impressions, clicks, conversions, cost-per-acquisition).

### INTERROGATORY NO. 18:

Describe in detail YOUR analysis of the commercial effectiveness of the SUBJECT VIDEOS and/or INFRINGING VIDEOS in promoting the Scoopz application, including any A/B testing, conversion tracking, user acquisition analysis, or revenue attribution specifically measuring the impact of the SUBJECT VIDEOS and/or INFRINGING VIDEOS on YOUR business metrics.

### INTERROGATORY NO. 19:

IDENTIFY the total advertising spend and marketing budget specifically attributable to campaigns, posts, or promotional materials containing the SUBJECT VIDEOS and/or INFRINGING VIDEOS, broken down by platform (Facebook, Instagram, Google Play, Apple App Store, etc.) and time period from January 1, 2024 to present.

PLAINTIFF'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 20:**

Describe YOUR policies, procedures, and practices for obtaining licenses, permissions, or rights to use third-party video content in marketing the Scoopz application, including any legal review processes, approval workflows, or training provided to employees regarding copyright compliance in marketing activities.

**INTERROGATORY NO. 21:**

IDENTIFY all agreements between YOU and any third-party marketing partners, influencers, content creators, advertising agencies, or other entities to whom YOU provided, licensed, or authorized the use of the SUBJECT VIDEOS and/or INFRINGING VIDEOS for promotional purposes related to the Scoopz application.

**INTERROGATORY NO. 22:**

Describe in detail all marketing efforts for the Scoopz application through Google Play Store and Apple App Store that incorporated the SUBJECT VIDEOS and/or INFRINGING VIDEOS including app store listing optimizations, promotional screenshots, preview videos, advertising campaigns, and any analysis of the impact of the SUBJECT VIDEOS and/or INFRINGING VIDEOS on app download rates or rankings.

**INTERROGATORY NO. 23:**

IDENTIFY all COMMUNICATIONS YOU had with Facebook, Google, Apple, or other platform operators regarding YOUR use of the SUBJECT VIDEOS and/or INFRINGING VIDEOS, including any content policy violations, copyright claims, takedown requests, advertising policy issues, appeals, or compliance actions taken.

**INTERROGATORY NO. 24:**

Separately for each of the Requests for Admission, Set Two, that YOU did not unequivocally admit, state all facts and IDENTIFY all DOCUMENTS upon which YOU base YOUR denial of the Request for Admission.

PLAINTIFF'S SECOND SET OF INTERROGATORIES

DONIGER / BURROUGHS

Dated:  February 5, 2026          By:    */s/ Stephen M. Doniger*
                                        Stephen M. Doniger, Esq.
                                        David Shein, Esq.
                                        Attorneys for Plaintiff

- 7 -

PLAINTIFF'S SECOND SET OF INTERROGATORIES

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On February 5, 2026 I caused to be served the ENCLOSED documents described as: **PLAINTIFF'S SECOND SET OF INTERROGATORIES;** on the following necessary part(ies) in this action:

> **Zheng "Andy" Liu / Zhan Jin**
> **1660 S Amphlett Blvd Suite 315**
> **San Mateo, CA 94402**
> **Tel: (650)475-6289**
> **Email: Andy.Liu@AptumLaw.us;**
> **Tina.Jin@AptumLaw.us; bjliuzheng@gmail.com**
>
> **ATTORNEY TO BE NOTICE**

☒ by sending ☐ the original ☒ a true copy thereof addressed as follows:

☒ BY ELECTRONIC MAIL
       ☒ On this date, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

EXECUTED February 5, 2026 in Venice, California.
☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

*London L. Zamora*
London L Zamora

PLAINTIFF'S SECOND SET OF INTERROGATORIES