# EXHIBIT B

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC, | Case No.: 2:25-cv-04167-DSF-JC |
| | *Hon. Dale S. Fischer Presiding* |
| Plaintiff, | |
| | **PLAINTIFF'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| v. | |
| LOCAL AI INC., et al., | |
| Defendants. | |

PROPOUNDING PARTY:    BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC

RESPONDING PARTY:    LOCAL AI INC.

SET:    TWO

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff hereby requests that Defendant Local AI, Inc. ("Defendant" or "Responding Party") respond to the following requests for the production of documents and things, and produce the requested documents and things, within 30 days of service at DONIGER / BURROUGHS, 603 Rose Avenue, Venice, CA 90291.

- 1 -

**DEFINITIONS**

1.      "YOU" and "YOUR" means Defendant LOCAL AI, INC. and its agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf, as well as his insurance companies, their agents, their representatives, and their employees.

2.      "PLAINTIFF" means BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf.

3.      "PERSON" means a natural person, firm, business organization (e.g., including but not limited to association, partnership, trust, corporation, etc.), and/or public entity.

4.      "DOCUMENTS" has the meaning set forth in Federal Rules of Evidence §1001 and Federal Rule of Civil Procedure 34(a), including but not limited to COMMUNICATIONs, correspondence, emails, text messages, instant messages, spreadsheets, databases, presentations, images, audio files, video files, metadata, and any other data or information stored or maintained in electronic form (including all ESI), regardless of the device or system in which it is stored.

5.      "COMMUNICATION" means any means any disclosure, transfer, or exchange of information or opinion, however made.

6.      "ESI" means "Electronically Store Information" or "ESI" shall mean any electronically stored information or data consistent with the Federal Rules of Civil Procedure (e.g., DOCUMENTS and COMMUNICATIONS), including, but not limited to, data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

has overwritten some but not all of previously stored data); and any and all information stored on accessible media, including, but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, smartphones and PDAs (personal digital assistants, such as PalmPilot, BlackBerry, iPhone, iPads, Samsung, Palm Treo, Cassiopeia, HP Jornada, and other such handheld computing devices) of your employees, digital mobile phones, tablets, and pagers.

7.    "COMPLAINT" means the operative Complaint in this case.

8.    "ANSWER" means YOUR operative Answer in this case.

9.    "SUBJECT VIDEO A" means the video identified as "Well that didn't go like he expected" in paragraph 9 of the COMPLAINT.

10.    "SUBJECT VIDEO B" means the video identified as "I'm not sure our daughter is mines anymore" in paragraph 9 of the COMPLAINT.

11.    "SUBJECT VIDEOS" means SUBJECT VIDEO A and SUBJECT VIDEO B collectively.

12.    "INFRINGING VIDEO A" means any copy, in whole or in part, of SUBJECT VIDEO A used by YOU, including without limitation, the allegedly unauthorized copy of the SUBJECT VIDEO A displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

13.    "INFRINGING VIDEO B" means any copy, in whole or in part, of SUBJECT VIDEO B used by YOU, including without limitation, the allegedly unauthorized copy of the SUBJECT VIDEO B displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

14.    "INFRINGING VIDEOS" means INFRINGING VIDEO A and INFRINGING VIDEO B collectively.

15.    "INFRINGING USES" means any use of the INFRINGING VIDEOS for purposes of advertising, promoting and/or marketing the Scoopz application and/or YOUR business.

- 3 -

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

16.     "relating to," "related to," or "relate(s) to" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

17.     As used herein, and where appropriate, the singular form of any noun or pronoun includes the plural and the use of the masculine gender includes the feminine and neuter, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 35:**

All DOCUMENTs which constitute, show, concern, mention, or reflect the total revenues YOU generated in connection with the SUBJECT VIDEOS and/or INFRINGING VIDEOS including but not limited to revenues generated through advertising with the INFRINGING USES and from the sale of any products, including the Scoopz application, featured in or marketed in connection with the INFRINGING USES.

**REQUEST NO. 36:**

All DOCUMENTs which constitute, show, concern, mention, or reflect the total downloads of Scoopz application, from the date YOU first used one or more of the INFRINGING VIDEOS to the date YOU ceased use of the INFRINGING VIDEOS.

**REQUEST NO. 37:**

All agreements between YOU and any PERSON from whom YOU have licensed, or otherwise obtained the right to use, any video in connection with the promotion, advertising and/or marketing of the Scoopz application.

**REQUEST NO. 38:**

DOCUMENTS sufficient to show all marketing, advertising and/or promotional material incorporating SUBJECT VIDEOS and/or INFRINGING VIDEOS, including without limitation all video files.

**REQUEST NO. 39:**

DOCUMENTS sufficient to show all marketing, advertising and/or promotional material incorporating SUBJECT VIDEOS and/or INFRINGING VIDEOS, including without limitation all video files used by YOU in connection with the promotion, advertising and/or marketing of the Scoopz application.

**REQUEST NO. 40:**

DOCUMENTS sufficient to show the total revenue and gross profit YOU earned from the Scoopz application, broken down by month, for the past five years, including all revenue and gross profit attributable to each of the SUBJECT VIDEOS and/or INFRINGING VIDEOS.

**REQUEST NO. 41:**

All DOCUMENTS which constitute, show, concern, mention, or reflect YOUR use of the SUBJECT VIDEOS and/or INFRINGING VIDEOS in Facebook advertising campaigns, including but not limited to Facebook Ads Manager data, campaign performance metrics, targeting parameters, ad spend, impressions, click-through rates, conversion rates, audience demographics, and all versions of sponsored advertisements or promoted posts containing the SUBJECT VIDEOS.

**REQUEST NO. 42:**

All DOCUMENTS relating to YOUR Facebook advertising library entries from January 1, 2024 to present, including all active and inactive paid advertisements containing the SUBJECT VIDEOS and/or INFRINGING VIDEOS, together with all associated metadata, performance data, budget allocation, audience targeting parameters, and geographic targeting information.

**REQUEST NO. 43:**

All DOCUMENTS which constitute, show, concern, mention, or reflect YOUR app store optimization and marketing efforts for the Scoopz application,

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

including but not limited to Google Play Store and Apple App Store listings, descriptions, promotional materials, screenshots, preview videos, developer console data, and any use of the SUBJECT VIDEOS and/or INFRINGING VIDEOS in connection with app store marketing.

**REQUEST NO. 44:**

All DOCUMENTS relating to YOUR content creation or acquisition processes for marketing the Scoopz application, including but not limited to policies, procedures, guidelines, training materials, or practices for obtaining, licensing, or using video content for promotional purposes, and any reviews or approvals of the SUBJECT VIDEOS and/or INFRINGING VIDEOS prior to use.

**REQUEST NO. 45:**

All DOCUMENTS which constitute, show, concern, mention, or reflect YOUR use of the tagline "Real Life, Real Video" or similar branding in connection with the SUBJECT VIDEOS and/or INFRINGING VIDEOS, including all marketing materials, advertisements, promotional content, brand guidelines, and trademark applications incorporating this branding.

**REQUEST NO. 46:**

All DOCUMENTS relating to YOUR attribution or crediting practices for video content used in marketing the Scoopz application, including policies for identifying original creators, obtaining permissions, providing attribution for user-generated content, and any discussions regarding the need to credit or compensate creators of the SUBJECT VIDEOS.

**REQUEST NO. 47:**

All DOCUMENTS which constitute, show, concern, mention, or reflect YOUR marketing budget, advertising spend, or promotional expenses specifically attributable to campaigns or materials containing the SUBJECT VIDEOS and/or

- 6 -

INFRINGING VIDEOS, including budget allocations, cost-per-acquisition data, return on ad spend calculations, and financial analysis of campaigns using the SUBJECT VIDEOS and/or INFRINGING VIDEOS.

**REQUEST NO. 48:**

All DOCUMENTS relating to YOUR analysis of the effectiveness or impact of the SUBJECT VIDEOS and/or INFRINGING VIDEOS on Scoopz application downloads, user acquisition, user engagement, or revenue generation, including but not limited to A/B testing results, conversion tracking data, attribution analysis, user acquisition cost analysis, and performance comparisons between campaigns using the SUBJECT VIDEOS and/or INFRINGING VIDEOS versus other video content.

**REQUEST NO. 49:**

All DOCUMENTS relating to YOUR compliance with platform-specific advertising policies or content guidelines when using the SUBJECT VIDEOS and/or INFRINGING VIDEOS, including but not limited to Facebook's advertising policies, Google's content policies, communications with platform representatives regarding YOUR use of the SUBJECT VIDEOS, policy violation notices, and any appeals or responses to content takedown requests.

**REQUEST NO. 50:**

All DOCUMENTS which constitute, show, concern, mention, or reflect YOUR use of the SUBJECT VIDEOS and/or INFRINGING VIDEOS in influencer marketing, affiliate marketing, or partnerships with third-party content creators, including agreements, payments, performance metrics, and any redistribution or sublicensing of the SUBJECT VIDEOS and/or INFRINGING VIDEOS to marketing partners.

**REQUEST NO. 51:**

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

All DOCUMENTS relating to YOUR user-generated content policies, terms of service, or community guidelines that address the use of third-party video content within the Scoopz application, including any provisions regarding copyright infringement, content ownership, or user rights to uploaded videos.

**REQUEST NO. 52:**

All DOCUMENTS which constitute, show, concern, mention, or reflect YOUR competitive analysis or market research that references the SUBJECT VIDEOS and/or INFRINGING VIDEOS, including analysis of competitor video content, viral video trends, or strategic decisions to use particular types of content based on their viral or engaging nature.

**REQUEST NO. 53:**

Copies of all versions of INFRINGING VIDEOS, including without limitation complete videos and edited videos at every stage of the editing process.

**REQUEST NO. 54:**

All agreements between YOU and any PERSON from whom YOU have licensed, or otherwise obtained the right to use, any video on YOUR Scoopz application.


DONIGER / BURROUGHS

Dated:  February 5, 2026          By:   */s/ Stephen M. Doniger*
                                        Stephen M. Doniger, Esq.
                                        David Shein, Esq.
                                        Attorneys for Plaintiff

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On February 5, 2026 I caused to be served the ENCLOSED documents described as: **PLAINTIFF'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS;** on the following necessary part(ies) in this action:

> **Zheng "Andy" Liu / Zhan Jin**
> **1660 S Amphlett Blvd Suite 315**
> **San Mateo, CA 94402**
> **Tel: (650)475-6289**
> **Email: Andy.Liu@AptumLaw.us;**
> **Tina.Jin@AptumLaw.us; bjliuzheng@gmail.com**
>
> **ATTORNEY TO BE NOTICE**

☒ by sending ☐ the original ☒ a true copy thereof addressed as follows:

☒ BY ELECTRONIC MAIL
☒ On this date, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

EXECUTED February 5, 2026 in Venice, California.
☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

*London L. Zamora*
London L Zamora

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION