# EXHIBIT C

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BIG FOOT CREATIVE STUDIOS
AND MEDIA GROUP LLC,

Plaintiff,

v.

LOCAL AI INC., et al.,

Defendants.

Case No.: 2:25-cv-04167-DSF-JC
*Hon. Dale S. Fischer Presiding*

**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS**

PROPOUNDING PARTY:     BIG FOOT CREATIVE STUDIOS
                       AND MEDIA GROUP LLC

RESPONDING PARTY:      LOCAL AI INC.

SET:                   TWO

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 36, Plaintiff hereby requests that Defendant Local AI, Inc. ("Defendant" or "Responding Party") respond to the following requests for admissions within 30 days of service.

- 1 -

## DEFINITIONS

1.      "YOU" and "YOUR" means Defendant LOCAL AI, INC. and its agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf, as well as his insurance companies, their agents, their representatives, and their employees.

2.      "PLAINTIFF" means BIG FOOT CREATIVE STUDIOS AND MEDIA GROUP LLC and his agents, employees, attorneys, accountants, investigators, and/or anyone else working on his behalf.

3.      "PERSON" means a natural person, firm, business organization (e.g., including but not limited to association, partnership, trust, corporation, etc.), and/or public entity.

4.      "DOCUMENTS" has the meaning set forth in Federal Rules of Evidence §1001 and Federal Rule of Civil Procedure 34(a), including but not limited to COMMUNICATIONs, correspondence, emails, text messages, instant messages, spreadsheets, databases, presentations, images, audio files, video files, metadata, and any other data or information stored or maintained in electronic form (including all ESI), regardless of the device or system in which it is stored.

5.      "COMMUNICATION" means any means any disclosure, transfer, or exchange of information or opinion, however made.

6.      "ESI" means "Electronically Store Information" or "ESI" shall mean any electronically stored information or data consistent with the Federal Rules of Civil Procedure (e.g., DOCUMENTS and COMMUNICATIONS), including, but not limited to, data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data

- 2 -

has overwritten some but not all of previously stored data); and any and all information stored on accessible media, including, but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, smartphones and PDAs (personal digital assistants, such as PalmPilot, BlackBerry, iPhone, iPads, Samsung, Palm Treo, Cassiopeia, HP Jornada, and other such handheld computing devices) of your employees, digital mobile phones, tablets, and pagers.

7. "COMPLAINT" means the operative Complaint in this case.

8. "ANSWER" means YOUR operative Answer in this case.

9. "SUBJECT VIDEO A" means the video identified as "Well that didn't go like he expected" in paragraph 9 of the COMPLAINT.

10. "SUBJECT VIDEO B" means the video identified as "I'm not sure our daughter is mines anymore" in paragraph 9 of the COMPLAINT.

11. "SUBJECT VIDEOS" means SUBJECT VIDEO A and SUBJECT VIDEO B collectively.

12. "INFRINGING VIDEO A" means any copy, in whole or in part, of SUBJECT VIDEO A used by YOU, including without limitation, the allegedly unauthorized copy of the SUBJECT VIDEO A displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

13. "INFRINGING VIDEO B" means any copy, in whole or in part, of SUBJECT VIDEO B used by YOU, including without limitation, the allegedly unauthorized copy of the SUBJECT VIDEO B displayed on Facebook.com and identified in paragraph 10 of the COMPLAINT.

14. "INFRINGING VIDEOS" means INFRINGING VIDEO A and INFRINGING VIDEO B collectively.

15. "INFRINGING USES" means any use of the INFRINGING VIDEOS for purposes of advertising, promoting and/or marketing the Scoopz application and/or YOUR business.

PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS

16.    "relating to," "related to," or "relate(s) to" shall mean constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

17.    As used herein, and where appropriate, the singular form of any noun or pronoun includes the plural and the use of the masculine gender includes the feminine and neuter, and vice versa.

## REQUESTS FOR ADMISSION

**REQUEST NO. 11:**

Admit that used the INFRINGING VIDEOS to advertise the Scoopz application.

**REQUEST NO. 12:**

Admit that YOU paid third-parties to license videos to promote, market and/or advertise the Scoopz application.

**REQUEST NO. 13:**

Admit that YOU displayed the INFRINGING VIDEOS on the Scoopz application.

**REQUEST NO. 14:**

Admit that YOU displayed the SUBJECT VIDEOS on the Scoopz application.

**REQUEST NO. 15:**

Admit that YOU used the INFRINGING VIDEOS as part of a campaign to generate downloads of the Scoopz of the application.

**REQUEST NO. 16:**

Admit that YOU never obtained authorization from PLAINTIFF to use the SUBJECT VIDEOS in any form.

**REQUEST NO. 17:**

Admit that YOU knew that YOU did not own the copyrights in the SUBJECT VIDEOS at the time YOU displayed the INFRINGING VIDEOS.

**REQUEST NO. 18:**

Admit that YOU did not attribute the INFRINGING VIDEOS to PLAINTIFF.

**REQUEST NO. 19:**

Admit that YOU altered the Copyright Management Information on INFRINGING VIDEO A.

**REQUEST NO. 20:**

Admit that YOU altered the Copyright Management Information on INFRINGING VIDEO B.

**REQUEST NO. 21:**

Admit that YOU removed PLAINTIFF's Copyright Management Information on INFRINGING VIDEO A.

**REQUEST NO. 22:**

Admit that YOU removed PLAINTIFF's Copyright Management Information on INFRINGING VIDEO B.

**REQUEST NO. 23:**

Admit that YOU displayed a Scoopz logo on INFRINGING VIDEO A.

**REQUEST NO. 24:**

Admit that YOU displayed a Scoopz logo on INFRINGING VIDEO B.

**REQUEST NO. 25:**

Admit that YOU displayed the Scoopz name on INFRINGING VIDEO A.

**REQUEST NO. 26:**

Admit that YOU displayed the Scoopz name on INFRINGING VIDEO B.

DONIGER / BURROUGHS

Dated:  February 5, 2026          By:    */s/ Stephen M. Doniger*

Stephen M. Doniger, Esq.
David Shein, Esq.
Attorneys for Plaintiff

- 5 -

PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Ave, Venice, CA 90291.

On February 5, 2026 I caused to be served the ENCLOSED documents described as: **PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS;** on the following necessary part(ies) in this action:

> **Zheng "Andy" Liu / Zhan Jin**
> **1660 S Amphlett Blvd Suite 315**
> **San Mateo, CA 94402**
> **Tel: (650)475-6289**
> **Email: Andy.Liu@AptumLaw.us;**
> **Tina.Jin@AptumLaw.us; bjliuzheng@gmail.com**
>
> **ATTORNEY TO BE NOTICE**

☒ by sending ☐ the original ☒ a true copy thereof addressed as follows:

☒ BY ELECTRONIC MAIL
   ☒ On this date, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     EXECUTED February 5, 2026 in Venice, California.
☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

*London L. Zamora*
London L Zamora

- 6 -

PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS